**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JOHN V. KNOWLES, IV, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:23-CV-1550 JAR |
| ANDY JOHNSON, | ) ) ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

Self-represented petitioner John V. Knowles, IV filed the instant application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 on December 4, 2023. [ECF No. 1]. Because it appears that petitioner has not exhausted his administrative remedies with the Bureau of Prisons prior to filing this action, the Court will require petitioner to show cause why this matter should not be dismissed. Petitioner will be given twenty-one (21) days to respond to the Court's Memorandum and Order.

### **The Petition and Supplemental Petition**

Petitioner filed his application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 on December 4, 2023. [ECF No. 1]. In his application for writ and supplemental petition, ECF Nos. 1 and 2, petitioner alleges that on an undisclosed date he was released by the Bureau of Prisons (BOP) from his September 2019 sentence in *U.S. v. Knowles*, No. 4:18CR505 HEA (E.D.Mo.). Petitioner asserts that he was first released to a halfway house in Neelyville, Missouri, on an unspecified date. At some point thereafter, he was released to home confinement "with permission to have a smart phone." However, on September 14, 2023, United States Probation Officer Clinton Vestal revoked his home confinement, took him back to the halfway house, and

then the next day, took him to Saint Genevieve County Jail, on the grounds that he had a cellphone.[1] Plaintiff complains that he was not yet under "the jurisdiction of the Probation Officers" at the time of his revocation, as his supervised release does not begin until February 23, 2024. He claims that until his supervised release date, he is under the custody of the Bureau of Prisons (BOP) and the "halfway house in Neelyville, Missouri."

In petitioner's prior criminal case, *U.S. v. Knowles*, No. 4:18CR505 HEA (E.D.Mo.), petitioner entered a guilty plea to two counts of receipt of child pornography and two counts of possession of child pornography. On February 10, 2020, the Court sentenced petitioner to sixty (60) months imprisonment. Petitioner's projected release date was February 23, 2024.

In his application for writ brought pursuant to 28 U.S.C. § 2241, petitioner raises several grounds for review: (1) that he was allowed by the halfway house and the BOP to have a cellphone; (2) that his supervised release did not legally start until February 23, 2024, and therefore, he was not under the jurisdiction of the U.S. Probation Office; (3) that the U.S. Probation Officer involved in his case lied and told him he found child porn on his and his wife's cell phone, but petitioner was denied access to the alleged evidence; (4) petitioner's Fourth Amendment rights were violated, as the U.S. Probation Officer unlawfully searched he and his wife's cell phones and seized the cellphones without a warrant or consent; (5) petitioner was not read his Miranda rights prior to his arrest and incarceration at Saint Genevieve County Jail; and (6) petitioner's due process rights under the Fifth Amendment were violated when the U.S. Probation Officer failed to abide by the conditions set by the halfway house which allowed him to have a cellphone.

Petitioner seeks release from Saint Genevieve County Jail and a return to home confinement.

---

[1] Petitioner also mentions that a Detective Amy Erwin was involved in some part of his detention. Petitioner does not identify the law enforcement agency Detective Erwin is connected to.

**Discussion**

Petitioner is a federal detainee currently incarcerated at Saint Genevieve County Jail in Saint Genevieve, Missouri, who has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He names Jail Administrator Andy Johnson as the respondent in this action. He is seeking release from Saint Genevieve County Jail and return to home confinement.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court is required to undertake a preliminary review of the petition, and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 applies to habeas petitions under § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). Based on the Court's review, and for the reasons set forth below, the Court the Court will order petitioner to show cause, within twenty-one (21) days of the date of this Memorandum and Order, why this action should not be dismissed for failure to exhaust to his administrative remedies with the Bureau of Prisons.

A. **Applicability of 28 U.S.C. § 2241**

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Under 28 U.S.C. § 2241, a petition for "writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Generally, a collateral challenge to a federal conviction or sentence must be raised in a motion to vacate filed in the sentencing court pursuant to 28 U.S.C. § 2255. *See Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003); *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000).

3

But a prisoner also can use 28 U.S.C. § 2241 to attack the execution of a federal sentence. *See Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009); *Peak v. Petrovsky,* 734 F.2d 402, 405 n.6 (8th Cir. 1984). "For purposes of 28 U.S.C. § 2241, execution of a sentence includes such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Smith v. United States*, 2005 WL 2765473, at *1 n.1 (D. Neb. 2005).

Though 28 U.S.C. § 2241 is typically used by federal prisoners to challenge the execution of sentences, a § 2241 petition can be brought by a person "in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *See Nettles v. United States*, 2022 WL 4093941, at *4 (E.D. Mo. 2022) (quoting *Dickerson v. State of La.,* 816 F.2d 220, 224 (5th Cir. 1987)). Therefore, § 2241 has been found to be applicable—in certain situations—to federal pretrial detainees.

B. **Exhaustion Requirement**

As noted, *supra*, petitioner filed the instant action seeking release from Saint Genevieve County Jail and a return to home confinement. Petitioner claims that he is not yet serving his supervised release term, and that the supervised release term does not begin until February 23, 2024. He claims that until his supervised release date, he is under the custody of the BOP and the rules of the "halfway house in Neelyville, Missouri." The Court assumes that plaintiff is referring to a residential reentry center in Neelyville, Missouri.

Federal detainees must exhaust all other remedies before they may seek habeas relief. *See Hall v. Pratt*, 97 Fed. Appx. 246, 247 (10th Cir. 2004); *United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987) (affirming denial of § 2241 petition because federal pretrial petitioner could have sought direct review of his confinement during trial); *Moore v. United States*, 875 F. Supp.

4

620, 623 (D. Neb. 1994) (federal pretrial detainee must first exhaust other available remedies before seeking relief under § 2241). "Thus, if a federal pretrial detainee has not sought direct review of his detention or could still raise the relevant issues in his criminal proceedings, that detainee cannot seek relief under 28 U.S.C. § 2241." *Miller v. United States*, 2020 WL 3578553, at *1 (D. Minn. 2020). The exhaustion requirement promotes efficiency and helps prevent "the risk of nearly simultaneous and potentially conflicting decisions." *Bakke v. United States*, 2019 WL 5579599, at *1 (D. Minn. 2019).

To the extent petitioner is asserting that the U.S. Probation Office could be liable for his revocation, he is mistaken. A person serving part of a prison sentence on home confinement through residential reentry is under the jurisdiction of the BOP, not the court.[2] *See United States v. King*, 608 F.3d 1122, 1127 (9th Cir. 2010) (holding that an inmate's placement in pre-release custody at the end of his federal sentence does not begin his supervised release term). Home confinement may be allowed as a way of serving part of the prison term if the BOP decides that that is appropriate, and it occurs when the incarcerated individual leaves prison before his scheduled release date. That move is typically approved by a BOP Residential Reentry Manager, and, in the typical situation, the individual moves to a reentry center. *See Penitani v. United States Probation Officer,* No. CV 23-00121-SOM-RT, 2023 WL 2480451, *1 (D.Haw. Mar. 13, 2023) (providing an explanation of the residential reentry process).

Under 28 U.S.C. § 2241, prisoners must exhaust administrative remedies with the BOP prior to filing suit in federal court. *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001). This requires compliance with the BOP's four-step Administrative Remedy Program. *See* 28 C.F.R. § 542.10(a).

---

[2]The Court takes judicial notice that no notice of revocation has been filed in petitioner's criminal action in *U.S. v. Knowles*, No. 4:18CR505 HEA (E.D.Mo.) given that this is a BOP matter.

Petitioner is no doubt familiar with the BOP's normal administrative procedures, given that they are also used within federal prisons.[3] However, the administrative procedures utilized for those at reentry centers differ slightly. *See Lallave v. Martinez*, 635 F.Supp.3d 173, 181-82 (E.D. N.Y. 2022). Though typically the first step is informal resolution with prison staff, 28 C.F.R. § 542.13(a), for a reentry center supervisee, "[a]n informal resolution attempt is not required prior to submission to the Regional or Central Office," *id.* § 542.13(b).[4] Thus, the first step for a reentry center supervisee is to fill out an Administrative Remedy Request form and mail it to the Residential Reentry Manager. *See id*. §§ 542.14(a), (c). If the request is denied or the Residential Reentry Manager fails to respond within twenty (20) days, the next step is to appeal to the BOP Regional Director. *Id.* §§ 542.15(a), 542.18. If the appeal is denied or the Regional Director fails to respond within thirty (30) days, the prisoner may appeal to the BOP General Counsel. *Id*. Once the General Counsel denies the claim or fails to respond within forty (40) days, the claim is considered administratively exhausted. *Id.* § 542.18. The regulations allow for the BOP to request an extension "once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level," so long as the inmate is notified in writing. *Id.*

Petitioner has failed to indicate that he has undertaken the foregoing BOP administrative procedures to pursue his claims in the present case. Prior to litigating his claims in court, he is

---

[3] Under normal BOP procedures, the inmate must first attempt to informally resolve the issue with prison staff. 28 C.F.R. § 542.13. If this is unsuccessful, the second step is to file a Request for Administrative Remedy form with the prison warden. *Id.* § 542.15(a). If the request is denied or the Warden fails to respond within twenty (20) days, the third step is to appeal to the BOP Regional Director. *Id.* §§ 542.15(a), 542.18. If the appeal is denied or the Regional Director fails to respond within thirty (30) days, the prisoner may appeal to the BOP General Counsel. *Id*. Once the General Counsel denies the claim or fails to respond within forty (40) days, the claim is considered administratively exhausted. *Id.* § 542.18. The regulations allow for the BOP to request an extension "once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level," so long as the inmate is notified in writing. *Id.*

[4] The Code of Federal Regulations refers to the reentry center as a Community Correction Center, or CCC.

6

obligated to do so. Therefore, the Court will direct petitioner to show cause as to why his application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 should not be dismissed due to his failuret to exhaust his administrative remedies with the BOP. Petitioner will be given twenty-one (21) days from the date of this Memorandum and Order in which to submit a written response. Failure to respond will result in the dismissal of this case without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, **within twenty-one (21) days**, why this action should not be dismissed due to his failure to exhaust his administrative remedies with the Bureau of Prisons.

**IT IS FURTHER ORDERED** that petitioner's failure to timely respond to the present action will result in a dismissal of this case, without prejudice.

Dated this 15th day of December, 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE